[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: DEFENDANT'S-MOTION TO SUPPRESS
On November 23, 1994, the defendant was arrested on a Violation of Probation warrant. The basis for the violation was a warrantless arrest on June 12, 1994, for Possession of Narcotics CT Page 1187 and Carrying a Pistol Without a Permit. The criminal charges arising out of the warrantless seizure were dismissed after the court granted the defendant's motion to suppress the pistol and the narcotics. The State intends to introduce this same evidence at the defendant's probation violation hearing. The defendant has moved to suppress the evidence, arguing in his memorandum that "C.G.S. § 54-33f(c) prohibits the use of those items under these circumstances where their use has been suppressed already by the granting of the defendant's motion to suppress in the criminal matter."
General Statutes § 54-33f(c) provides:
 The court shall receive evidence on any issue of fact necessary to the decision of the motion. If the motion is granted, the property shall be restored unless otherwise subject to lawful detention and it shall not be admissible in evidence at any hearing or trial.
(Emphasis added.)
Prior to Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684,6 L.Ed.2d 1081 (1961), there was no exclusionary rule in Connecticut and illegally seized evidence was admissible in criminal trials.State v. Mariano, 152 Conn. 85, 90, 203 A.2d 305 (1964), cert. denied, 380 U.S. 943, 85 S.Ct. 1025, 13 L.Ed.2d 962 (1965). General Statutes § 54-33f was enacted in response to Mapp v. Ohio, supra, which held that the exclusionary rule of the Fourth Amendment applied to the states. State v. Mariano, supra, 152 Conn. 90. "Thus, the statute must be viewed, in light of this history, as a legislative response to fill a procedural hiatus created by the impact of Mapp v. Ohio, supra, on our state practice. It cannot be read . . . as imposing a rigid suppression requirement without regard to the entire body of search and seizure jurisprudence to which it implicitly refers." State v. Brown, 14 Conn. App. 605,624-25, 543 A.2d 750 (1988).
General Statutes § 54-33f and the corresponding Practice Book Sections "provide only for the procedural implementation of the exclusionary rule. They do not determine its contours or limits." Id., 624. The legislative history of the statute demonstrates that "the principal purpose was to bring our procedure in line with the mandate of Mapp v. Ohio, supra. See Conn. Joint Standing Committee Hearings, Judiciary and Governmental Functions, Pt. 3, 1963 Sess., p. 875." Id., 625. CT Page 1188
"We note initially that, unlike criminal trials, in which the exclusionary rule typically applies, in probation revocation hearings, the exclusionary rule typically does not apply." State v.Jacobs, 229 Conn. 385, 392, 641 A.2d 1351 (1994). "Thus, a probationer has the burden of persuading us that the exclusionary rule should nonetheless apply." Id.
The defendant concedes that the courts determine the substance and scope of the protections of the exclusionary rule. The defendant argues, however, that General Statutes § 54-33f(c) mandates suppression as a matter of procedure from any further hearings after the court has made the determination as to the substance and scope of the exclusionary rule.[1]
The issue is whether the word "hearing" as used in the statute must be applied as a matter of procedure to probation revocation hearings, or whether the courts should determine whether a probation hearing falls within the scope of the suppression statute. In other words, does granting a motion to suppress in a criminal proceeding affect the general rule that "in probation revocation hearings, the exclusionary rule typically does not apply." State v. Jacobs, supra, 229 Conn. 392.
The Supreme Court has not addressed this exact issue, but two recent cases, Payne v. Robinson, 207 Conn. 565, 541 A.2d 504 (1988) and State v. Jacobs, 229 Conn. 385, 641 A.2d 1351 (1994) do guidance. In Payne v. Robinson, the court found that the exclusionary rule does not apply to probation revocation hearings, at least where the police officer who performed the warrantless search was not aware that the suspect was a probationer. Id., 573. The court did not reach the question "of whether the exclusionary rule would apply in probation revocation proceedings when the police officer who had conducted the search was aware or had reason to be aware of the suspect's probationary status." Id. "If illegally obtained evidence was admissible in such circumstances, the police officer might very well discount the fact that such evidence was inadmissible at a criminal trial, believing that incarceration of the probationer would instead be achieved through the revocation of his probation." Id.
In State v. Jacobs, supra, 229 Conn. 392, the court found that the exclusionary rule generally does not apply to probation revocation hearings when the suspect is arrested pursuant to a warrant. "[E]ven if police officers know or have reason to know CT Page 1189 that the target of their search is on probation, the presence of a warrant sufficiently guards against the risk that, unless the exclusionary rule applies, the officers will not be deterred from performing an illegal search." Id. "Thus, we need not decide, and therefore continue to leave for another day, whether our dictum inPayne v. Robinson . . . is valid if the search is performed without a warrant." Id., 392 n. 3.
The defendant correctly points out that neither Payne norJacobs concerned a situation where a motion to suppress the evidence to be used for the probation hearing had already been granted in a criminal proceeding. However, a close examination ofJacobs reveals that the supreme court implicitly determined that the word "hearing" in General Statutes § 54-33f does not encompass a probation revocation hearing.
In Jacobs, the defendant moved to suppress evidence seized before his probation revocation hearing. The court (Schimelman, J.) "refused to hold an evidentiary hearing on the defendant's motion to suppress, on the ground that the exclusionary rule does not apply to revocation of probation proceedings." Jacobs, supra,229 Conn. 389. The appellate court and the supreme court affirmed the decision. Logically, if a defendant cannot request a motion to suppress for a probation revocation hearing, a motion to suppress in a criminal trial should not apply to a probation revocation hearing.
Additionally, General Statutes § 54-33f(b) provides:
 The motion shall be made before trial or hearing unless opportunity therefor did not exist or the defendant was not aware of the grounds for the motion, but the court in its discretion may entertain the motion at the trial or hearing.
(Emphasis added.)
Subsection (b) uses the word "hearing." In Jacobs, the supreme court held that a defendant cannot move to suppress evidence at a probation revocation hearing. Therefore, even though the statute employs the mandatory directive "shall," arguably indicating that a defendant has the right to move to suppress evidence at a "hearing," which arguably includes a probation revocation hearing, the supreme court held to the contrary. UnderJacobs, despite the clear language that a motion to suppress shall CT Page 1190 be made prior to a "hearing," probation revocation hearings are exempted as a matter of judicial determination of the scope of the exclusionary rule.
Given the purpose behind enactment of § 54-33f, which was merely to implement a procedure for motions to suppress, the Jacobs
case, which held that a defendant is not generally entitled to request a motion to suppress for a probation revocation hearing, and the absence of a claim by the defendant that the police officers knew or had reason to know of his probationary status, the defendant's motion to dismiss should be denied.
BY THE COURT,
Howard Scheinblum Judge of the Superior Court